UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

IN RE: FORMAN, BRUCE LEE ) CHAPTER 13
Debtor )
CASE: NO. 09-20162-FJB

## MOTION TO APPROVE DEBTOR'S AMENDED PLAN

1. Bruce Lee Forman, Debtor in the above-captioned case hereby amends his current Plan substituting the Amended Plan for that originally filed pursuant to Fed. R. Bankr. P 1009(a) and Local Rule 1009-1 and the Local Rules Appendix 1, Rule 13-10. The Amended Plan merely *modifies* the originally filed Proposed Plan to add a statement that certain secured personal property will be surrendered.

2. Since there are no secured debt arrearage payments to be made through the proposed Plan, the Amendment does not adversely affect any creditor. This Amendment was filed prior to confirmation and prior to the 341 hearing (no creditors appeared at the hearing). The Proposed Plan and Amended Proposed Plan were previously served upon all creditors without objection. This motion is filed pursuant to recent Order of this Honorable Court.

WHEREFORE, the debtor respectfully prays the allowance of this motion.

## CERTIFICATE OF SERVICE

I, Terrence L. Parker, attorney for the debtor, hereby certifies that a copy of the foregoing Motion to Approve an Amendment to the plan of the Debtor has been this day served upon the Chapter 13 Trustee, Carolyn Bankowski, via ECF, to the Debtor at her mailing address of record, and all creditors on the following service list in the case by first class mail, postage prepaid or by electronic notice.

Dated: 1/5/10

Terrence L. Parker, Esq.
Attorney For Debtor
185 Alewife Brook Parkway
Suite 404
Cambridge, MA 02138
(617) 491-2265
BBO: # 555277
TParker612@aol.com

## Service List

Allegro Acceptance
1111 Bayhill Dr Ste 450
San Bruno, CA 94066

Allergro Accpetance
P.O. Box 1207
San Bruno, CA 94066

American Express Centurion Bank
POB 3001
Malvern, PA 19355-0701

Amex
Po Box 297871
Fort Lauderdale, FL 33329

Bac Home Loans Servici
450 American St
Simi Valley, CA 93065

Barclays Bank Delaware
125 S West St
Wilmington, DE 19801

Cap One
PO Box 85520
Richmond, VA 23285


Capitol One Bank
Attn: TSYS Debt Management
P.O. Box 5155
Norcross, GA 30091


Chase
PO Box 15298
Wilmington, DE 19850


Chase
Po Box 15298
Wilmington, DE 19850


Cit Bank/dfs
12234 N Ih 35 Sb Bldg B
Austin, TX 78753


Dell
One Dell Way
Round Rock, TX 78682


Dell Financial Services L.L.C.
c/o Resurgent Capital Services
PO Box 10390
Greenville, SC 29603-0390


GMAC Mortgage, LLC
3451 Hammond Avenue
Waterloo, IA 50702


Gemb/paypldc
Po Box 981400
El Paso, TX 79998


Gmac Mortgage

3451 Hammond Ave
Waterloo, IA 50702


PRA Receivables Management, LLC
As Agent Of Portfolio Recovery Assocs.
PO Box 12914
NORFOLK VA 23541

Paul Mulligan, Esq.
Orlans Moran
P.O. Box 962169
Boston, MA 02196


Bruce Lee Forman
26 Carver Road
Framingham, MA 01701

# United States Bankruptcy Court
## District of Massachusetts

## AMENDED CHAPTER 13 PLAN

Filing Date: _____

Docket #: **09-20162**

Debtor: **Forman, Bruce Lee**

Co-Debtor: _____

SS#: **9869**

SS#: _____

Address: **26 Carver Road**

Address: _____

**Framingham, MA  01701**

, _____

Debtor's Counsel:

**Parker Law Offices**
**185 Alewife Brook Pkwy Ste 404**
**Cambridge, MA  02138-1104**

**(617) 491-2265**
**(617) 491-7800**

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE SECTION 341 MEETING TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

© 1993-2009 EZ-Filing, Inc [1-800-998-2424] - Forms Software Only

# United States Bankruptcy Court
## District of Massachusetts

## AMENDED CHAPTER 13 PLAN

Docket#: **09-20162**

DEBTORS: (H) **Forman, Bruce Lee** _____ SS# **9869** _____
(W) _____ SS# _____

I. PLAN PAYMENT AND TERM:

Debtor(s) shall pay monthly to the Trustee the sum of $ **178.23** for the term of:

☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
☒ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);
☐ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:
☐ ____ Months. The Debtor states as reasons therefore:

II. SECURED CLAIMS:

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **None** | | |
| | Total of secured claims to be paid through the Plan: $ | 0.00 |

B. Claims to be paid directly to creditors (not through plan):

| Creditor | Description of Claim |
|---|---|
| **Bac Home Loans Servici** | **Mortgage account opened 5/03** |
| **Gmac Mortgage** | **Mortgage account opened 3/06** |

C. Modifications of Secured Claims:

| Creditor | Details of Modification (Additional details may be attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **None** | | |

D. Leases:

i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of:
**None**

ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of :
**None**

iii. The arrears under the lease to be paid under the plan are _____ .

III. PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |
| | Total of Priority Claims to Be Paid Through the Plan: $ | 0.00 |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IV. ADMINISTRATIVE CLAIMS:

A. Attorneys fees (to be paid through the Plan): $ **0.00**.

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

V. UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of **9.17**% of their claims.

A. General unsecured claims: $ **104,931.71**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

Total of A + B + C unsecured claims: $ **104,931.71**

D. Multiply total by percentage: $ **9,624.60**.
(Example: total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

Total amount of separately classified claims payable at **100**%: $ **0.00**

VI. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund Plan:

B. Miscellaneous provisions:
**Allego Acceptance secured property to be surrendered**

VII. CALCULATION OF PLAN PAYMENT:

| | |
|---|---|
| a. Secured claims (Section I-A Total): | $ 0.00 |
| b. Priority claims (Section II-A & B Total): | $ 0.00 |
| c. Administrative claims (Section III-A & B Total): | $ 0.00 |
| d. Regular unsecured claims (Section IV-D Total): + | $ 9,624.60 |
| e. Separately classified unsecured claims: | $ 0.00 |
| f. Total of a + b + c + d + e above: | $ 9,624.60 |
| g. Divide (f) by .90 for total including Trustee's fee: Cost of Plan: | $ 10,693.80 |
| (This represents the total amount to be paid into the Chapter 13 Plan) | |
| h. Divide (g) Cost of Plan by Term of Plan: **60** months | |
| i. Round up to nearest dollar: Monthly Plan Payment: | $ **178.23** |
| | (Enter this amount on Page 1) |

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **26 Carver Road, Framingham, MA 01701** | **272,000.00** | **358,001.00** |

| | | |
|---|---|---|
| Total Net Equity for Real Property: | $ | 0.00 |
| Less Total Exemptions (Schedule C): | $ | 0.00 |
| Available Chapter 7: | $ | 0.00 |

B. Automobile

| Describe year, make and model | Value | Lien | Exemption |
|---|---|---|---|
| **None** | | | |

| | | |
|---|---|---|
| Total Net Equity: | $ | 0.00 |
| Less Total Exemptions (Schedule C): | $ | 0.00 |
| Available Chapter 7: | $ | 0.00 |

C. All Other Assets (All remaining items on Schedule B): (Itemize as necessary)

| | | |
|---|---|---|
| Total Net Value: | $ | 5,464.00 |
| Less Exemptions (Schedule C): | $ | 5,464.00 |
| Available Chapter 7: | $ | 0.00 |

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $ **0.00**.

E. Additional Comments regarding Liquidation Analysis:

IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

| **/s/ Terrence L. Parker** | **December 29, 2009** |
|---|---|
| Debtor's Counsel | Date |

Attorney's Address:
**Parker Law Offices**
**185 Alewife Brook Pkwy Ste 404**
**Cambridge, MA 02138-1104**

Tel. # **(617) 491-2265**     Email Address: **TParker612@aol.com**

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

| **/s/ Bruce Lee Forman** | **December 29, 2009** |
|---|---|
| Debtor | Date |
| | **December 29, 2009** |
| Debtor | Date |